United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 12-10872-jkf
Michael V. Vitello                                                       Chapter 13
Alana Vitello
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: admin            Page 1 of 2           Date Rcvd: Jan 20, 2017
                              Form ID: 3180W         Total Noticed: 15

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 22, 2017.
db/jdb         Michael V. Vitello,   Alana Vitello,   2515 South Camac Street,   Philadelphia, PA 19148-4311
13378475      +Carrington Mortgage Services, LLC,   1610 East St. Andrew Place, Suite B150,
                Santa Ana, CA 92705-4931
12788097     ++DELL FINANCIAL SERVICES,   P O BOX 81577,   AUSTIN TX 78708-1577
               (address filed with court: Dell Financial Services, LLC,   Resurgent Capital Services,
                PO Box 10390,   Greenville, SC 29603-0390)
12709667      +Edward A. Deglin MD PC,   780 Periwinkle Lane,   Wynnewood PA 19096-1653
12767579      +Philadelphia Gas Works,   800 W Montgomery Ave,   Phila Pa 19122-2898,
                Attn: Bankruptcy Dept 3F
12732679       Quest Diagnostics - MR 461,   P.O. Box 4911,   SouthEastern, PA 19398-4911

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: bankruptcy@phila.gov Jan 21 2017 01:59:58      City of Philadelphia,
                City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
                Philadelphia, PA 19102-1595
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jan 21 2017 01:59:09
                Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
                Harrisburg, PA 17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jan 21 2017 01:59:43      U.S. Attorney Office,
                c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
12661195       EDI: BANKAMER.COM Jan 21 2017 01:48:00      Bank of America,   P.O. Box 15222,
                Wilmington, DE 19886-5222
12746804       EDI: FORD.COM Jan 21 2017 01:48:00      Ford Motor Credit Company LLC,   Dept 55953,
                P O Box 55000,   Detroit MI 48255-0953
12811752       EDI: AIS.COM Jan 21 2017 01:48:00       InSolve Recovery, LLC by American InfoSource LP,
                PO Box 269093,   Oklahoma City, OK 73126-9093
12708881      +EDI: OPHSUBSID.COM Jan 21 2017 01:48:00      OAK HARBOR CAPITAL IV, LLC,
                C O WEINSTEIN AND RILEY, PS,   2001 WESTERN AVENUE, STE 400,   SEATTLE, WA 98121-3132
12755266       EDI: PRA.COM Jan 21 2017 01:48:00      Portfolio Recovery Associates, LLC,   PO Box 41067,
                Norfolk VA 23541
13024922      +EDI: PRA.COM Jan 21 2017 01:48:00      PRA Receivables Management, LLC,   POB 41067,
                Norfolk, VA 23541-1067
                                                                                              TOTAL: 9

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

---

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 22, 2017                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 19, 2017 at the address(es) listed below:
              ANDREW F GORNALL    on behalf of Creditor    BANK OF AMERICA, N.A. agornall@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              ANDREW M. LUBIN    on behalf of Creditor    BANK OF AMERICA, N.A. alubin@milsteadlaw.com,
               bkecf@milsteadlaw.com
              DAVID H. LIPOW    on behalf of Creditor    BANK OF AMERICA, N.A. bkecf@milsteadlaw.com,
               dlipow@milsteadlaw.com
              DAVID M. OFFEN    on behalf of Joint Debtor Alana  Vitello dmo160west@gmail.com,
               davidoffenecf@gmail.com

```
District/off: 0313-2          User: admin               Page 2 of 2                  Date Rcvd: Jan 20, 2017
                              Form ID: 3180W            Total Noticed: 15
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
        DAVID M. OFFEN    on behalf of Debtor Michael V. Vitello dmo160west@gmail.com, davidoffenecf@gmail.com
        HOWARD    GERSHMAN    on behalf of Creditor    CAB East LLC/Ford Motor Credit Company LLC hg229ecf@gmail.com, 229ecf@glpoc.comcastbiz.net
        MATTHEW CHRISTIAN WALDT    on behalf of Creditor    Carrington Mortgage Services, LLC mwaldt@milsteadlaw.com, bkecf@milsteadlaw.com
        THOMAS I. PULEO    on behalf of Creditor    BANK OF AMERICA, N.A. tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
        WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER ecfemails@ph13trustee.com, philaecf@gmail.com
        WILLIAM C. MILLER    ecfemails@ph13trustee.com, philaecf@gmail.com

        TOTAL: 11

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Michael V. Vitello** <br> First Name    Middle Name    Last Name | Social Security number or ITIN  **xxx–xx–0074** <br> EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | **Alana Vitello** <br> First Name    Middle Name    Last Name | Social Security number or ITIN  **xxx–xx–0654** <br> EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Eastern District of Pennsylvania** | | |
| Case number:  **12–10872–jkf** | | |

# Order of Discharge                                                                                                       12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Michael V. Vitello                                                  Alana Vitello

<u>1/19/17</u>                                                  **By the court:**     <u>Jean K. FitzSimon</u>
                                                                                United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**